RECEIVED
JUN 2 0 2014
BY MAIL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JANE DOE,

    Plaintiff,

v.

CITY OF COUNTRY CLUB HILLS, and
TIMOTHY JONES, and
CHIEF CLIFTON WARE,

    Defendants.

Cause No.: 4:14-cv-01005-JAR

CAUSE UNDER SEAL
JURY TRIAL DEMANDED

### DEFENDANTS CITY OF COUNTRY CLUB HILLS, MO AND CHIEF CLIFTON WARE'S JOINT ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Defendants City of Country Club Hills, Missouri (hereinafter sometimes "Defendant" and/or "City") and Chief Clifton Ware (hereinafter sometimes "Defendant" and/or "Ware") (the City and Ware are collectively hereinafter "Defendants") and for their joint Answer to Plaintiff's Complaint states the following:

1. Admit.

2. Defendants admit that Timothy Jones was a police officer for the City of Country Club Hills and deny any remaining averments in this paragraph.

3. Defendants admit that Clifton Ware is the Chief of Police for the City of Country Club Hills and deny any remaining averments in this paragraph.

4. The allegations of this paragraph consist of legal conclusions requiring no response; to the extent a response is deemed necessary, such allegations are denied.

5. Defendants are without sufficient information or belief to admit the allegations in this paragraph and must therefore deny them.

6. Defendants incorporate by reference their response to paragraph 4.

7.     Defendants incorporate by reference their response to paragraph 4.

## Underlying Facts

8.     Defendants admit that Jones was discharged from Jennings but deny the remaining allegations of this paragraph for lack of information and belief.

9.     Defendants incorporate by reference their response to paragraph 5.

10.    Defendants admit that Jones was hired following his employment with Jennings and prior to November 10, 2010 but deny the remaining allegations of this paragraph for lack of information and belief.

11.    Admit.

12.    Defendants admit that Jones was wearing a department issued police uniform but are without sufficient information or belief to admit the remaining allegations in this paragraph and must therefore deny them.

13.    Defendants admit that Jones carried a department issued sidearm but are without sufficient information or belief to admit the remaining allegations in this paragraph and must therefore deny them.

14.    Defendants admit Jones drove a department issued patrol car but are without sufficient information or belief to admit the remaining allegations in this paragraph and must therefore deny them.

15.    Defendants incorporate by reference their response to paragraph 5.

16.    Defendants incorporate by reference their response to paragraph 5.

17.    Defendants admit that two Country Club Hills officers subsequently arrived at the scene, but deny the Plaintiff's purported location of the scene.

18.    Admit.

19. Admit.

20. Admit.

21. Defendants incorporate by reference their response to paragraph 5.

22. Defendants admit that at least one of the subsequently arriving officers remained at the scene until the completion of the sobriety test, but deny that such officers witnessed the entirety of the entire sobriety test.

23. Defendants incorporate by reference their response to paragraph 5.

24. Defendants incorporate by reference their response to paragraph 5.

25. Defendants admit that Plaintiff pulled into a parking lot but deny the remaining allegations of this paragraph for lack of information and belief.

26. Defendants incorporate by reference their response to paragraph 5.

27. Defendants incorporate by reference their response to paragraph 5.

28. Defendants incorporate by reference their response to paragraph 5.

29. Defendants incorporate by reference their response to paragraph 5.

30. Defendants incorporate by reference their response to paragraph 5.

31. Defendants incorporate by reference their response to paragraph 5.

32. Denied.

33. Denied.

## COUNT I – Violations of Plaintiff's Constitutional Rights by Defendant Officer Doe

34. Defendants incorporate by reference all previous responses as if fully set forth herein. Further, this count does not purport to state a claim against these defendants, and no response is therefore required; to extent the allegation of this paragraph are construed as allegations against these Defendants by virtue of a defendant's purported official capacity, they are denied.

35. Defendants incorporate by reference their response to paragraphs 4 and 34.

36. Defendants incorporate by reference their response to paragraphs 4 and 34.

37. Defendants incorporate by reference their response to paragraphs 4 and 34.

WHEREFORE, having fully answered Count I of Plaintiff's Petition (Complaint), Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that they be awarded their costs and attorney's fees incurred herein together with such other and further relief as may be just and proper.

## COUNT II – Violations of Plaintiff's Constitutional Rights by Defendant City

38. Defendants incorporate by reference all previous responses as if fully set forth herein.

39. Denied.

WHEREFORE, having fully answered Count II of Plaintiff's Petition (Complaint), Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that they be awarded their costs and attorney's fees incurred herein together with such other and further relief as may be just and proper.

## COUNT III – Violations of Plaintiff's Constitutional Rights by Defendant Chief Clifton Ware

40. Defendants incorporate by reference all previous responses as if fully set forth herein.

41. Defendants incorporate by reference their response to paragraphs 4.

42. Defendants incorporate by reference their response to paragraphs 4.

43. Denied.

44. Denied.

WHEREFORE, having fully answered Count III of Plaintiff's Petition (Complaint), Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that they be awarded

their costs and attorney's fees incurred herein together with such other and further relief as may be just and proper.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.  Defendants deny each and every allegation in Plaintiff's Petition/Complaint that is not specifically admitted herein.

2.  For further answer and by way of affirmative defense, Defendants state that Plaintiff's Complaint fails to state a claim upon which relief may be granted against them and should be dismissed.

3.  For further answer and by way of affirmative defense, Defendants state that Plaintiff's constitutional claims against them are barred by the doctrine of qualified immunity because their conduct was objectively reasonable, taken in good faith, and did not violate any clearly established rights of Plaintiff. Further, any alleged acts of Defendants were justified, based on reasonable suspicion, probable cause and were reasonable under the circumstances involving Plaintiff, so Defendants are not liable for the reason they have qualified immunity to all such acts.

4.  For further answer and by way of affirmative defense, Defendants state that to the extent Plaintiff's claims in the First Complaint are construed to be claims under Missouri State law, then such claims are barred by the official immunity doctrine, public duty doctrine, and/or doctrine of sovereign immunity.

5.  For further answer and by way of affirmative defense, and in no way limiting the general denial or any other defense herein, Defendants state that any claim for damages for aggravating circumstances and punitive damages in this case by the Plaintiff is in violation of Defendants' rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments

to the Constitution of the United States, and the same or similar guarantees in the Constitution of the State of Missouri, including Article I, Sections 2, 10, 212, and 28 of the Constitution of the State of Missouri, and all claims for aggravating circumstances and/or punitive damages would amount to the imposition of a fine or penalty in violation of both constitutions, and should be dismissed. Further such claim for punitive damages is not allowed as a matter of law under 42 U.S.C. § 1983.

6. For further answer and by way of affirmative defense, Defendants state that any claim against them based upon the doctrine of *respondeat superior* for the acts and/or conduct of other Defendants fails to state a claim and should be dismissed.

7. For further answer, and by way of affirmative defense, Defendants state that Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

8. For further answer, and by way of affirmative defense, Defendants state that whatever actions, if any, they took with reference to Plaintiff were authorized by state and federal law.

9. For further answer, and by way of affirmative defense, Defendants state that all actions, if any, taken by Defendants were justified under the circumstances that existed at the time.

10. For further answer, and by way of affirmative defense, Defendants state that any arrest and/or detention of the Plaintiff was supported by probable cause and was reasonable and justified under the circumstances.

11. For further answer, and for affirmative defense, any injury or damage, if any, sustained by Plaintiff was the direct and proximate result of the negligence, carelessness and/or intentional conduct of others, and there is no proximate or direct relationship between the conduct of Defendant and any injury or damage allegedly sustained by Plaintiff.

12. For further answer, and for affirmative defense, Defendants state that the actions alleged in Plaintiff's Complaint against separate Defendant Jones, are alleged intentional acts taken without the authority of Defendants.

13. For further answer, and for affirmative defense, any injury or damage sustained by Plaintiff was sustained as the direct and proximate result of Plaintiff's own negligence, carelessness and comparative fault and/or assumption of risk, and therefore Plaintiff is not entitled to recover from Defendants, or any recovery by Plaintiff should be reduced by the percentage of Plaintiff's own negligence, carelessness and comparative fault contributing thereto.

14. For further answer, and by way of affirmative defense, Defendants state that Plaintiff has failed to mitigate whatever damages, if any, Plaintiff may have incurred by reason of the matters alleged in plaintiff's complaint.

WHEREFORE, having fully answered Plaintiff's Petition (Complaint), Defendants City of Country Club Hills and Chief Clifton Ware pray that Plaintiff's Complaint be dismissed with prejudice and that they be awarded their costs and attorney's fees incurred herein together with such other and further relief as may be just and proper.

Respectfully Submitted,

KING, KREHBIEL & HELLMICH, LLC

By: /s/ Blake D. Hill
    BLAKE D. HILL    #58926MO
    2000 South Hanley Road
    St. Louis, MO 63144-1524
    Phone:  314-646-1110
    Fax:  314-646-1122
    E-mail:  bhill@kkhhb.com

*Attorneys for the City of Country Club Hills, MO and Chief Clifton Ware.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of June, 2014, a true and accurate copy of the foregoing was mailed via pre-paid, first class mail and/or served via email and the Court's electronic filing system to the following:

Thomas K. Neill
GRAY, RITTER & GRAHAM, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314)241-5620 Tel
(314)241-4140 Fax
tneill@grgpc.com
*Co-Counsel for Plaintiff*

Mark Zoole
PO Box 190549
St. Louis, MO 63119
(314)223-0436 Tel
zoole@sbcglobal.net
*Counsel for Defendant Timothy Jones*

Christopher B. Graville
130 South Bemiston, Suite 303
Clayton, MO 63105
(636)778-9810 Tel
(636)778-9812 Fax
cbg@gravillelaw.com
*Co-Counsel for Plaintiff*

/s/ Blake D. Hill